IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00736-BNB

SOLOMON BEN-TOV COHEN,

    Plaintiff,

v.

HONORABLE JAMES P. VANDELLO, Immigration Judge,
ERIC HOLDER, Attorney General of the United States, and
MICHAEL MUKASEY, Former Attorney General of the United States,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2009

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Solomon Ben-Tov Cohen, is being held at the Immigration and Customs Enforcement Processing Center in Aurora, Colorado. Mr. Cohen has filed *pro se* a Prisoner Complaint. The court must construe the Prisoner Complaint liberally because Mr. Cohen is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Cohen must file an amended complaint.

    The court has reviewed the Prisoner Complaint and has determined that it is deficient because the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Cohen fails to provide a short and plain statement of his claims showing that he is entitled to relief in this action. Mr. Cohen alleges that his rights under the United States Constitution have been violated and he appears to be challenging various rulings issued by Defendant Judge James P. Vandello in Mr. Cohen's immigration case. However, Mr. Cohen fails to allege specific facts to demonstrate that Judge Vandello somehow has violated his rights under the Constitution or any other federal law. Mr. Cohen also fails to allege facts that would explain why he has named United States Attorney General Eric Holder and former United States Attorney General Michael Mukasey as Defendants in this action. Although Mr. Cohen includes citations in the Prisoner Complaint to the 122 pages of exhibits attached to the Prisoner Complaint, it is

not the Court's responsibility to sift through those exhibits to determine how they might support the claims Mr. Cohen is asserting in this action. The general rule that **pro se** pleadings must be construed liberally has limits and the court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, Mr. Cohen must file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Cohen is advised that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Cohen shall file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court shall mail to Mr. Cohen, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Cohen fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 9, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00736-BNB

Solomon Ben-Tov Cohen
Prisoner No. L2580
Alien No. 77309675
Aurora/ICE Processing Center
11901 East 30th Avenue
Aurora, CO 80010

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 4/9/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk